United States District Court
Southern District of Texas
**ENTERED**
April 13, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BRANDON LEE VIRLA BRACHO, §
§
Petitioner, §
§
v. § CIVIL ACTION NO. H-26-0829
§
KRISTI NOEM, et al., §
§
Respondents. §

## MEMORANDUM OPINION AND ORDER

Brandon Lee Virla Bracho ("Petitioner"), a citizen of Venezuela, entered the United States on August 2, 2021.[1] On January 14, 2026, Petitioner was taken into immigration custody by Immigration and Customs Enforcement under § 1225(b)(2).[2] Petitioner remains in immigration custody.

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1) and Petitioner's Emergency Motion for Leave to File an Amended Petition for Writ of Habeas Corpus ("Motion to Amend") (Docket Entry No. 8). In his original petition, Petitioner argues that his detention without a bond hearing violates the Immigration and Nationality Act.[3] In his motion to amend,

---

[1]Petition for Writ of Habeas Corpus (28 U.S.C. § 2241) ("Habeas Petition"), Docket Entry No. 1, p. 7 ¶ 13. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Emergency Motion for Temporary Restraining Order and to Show Cause, Docket Entry No. 9, p. 2 ¶ 5.

[3]Habeas Petition, Docket Entry No. 1, p. 7 ¶ 13.

Petitioner argues that his detention also violates due process.[4] Plaintiff has also filed an Emergency Motion for Temporary Restraining Order and to Show Cause (Docket Entry No. 9), a Supplemental Motion for Preliminary Injunction and Immediate Adjudication of Writ of Habeas Corpus (Docket Entry No. 13) and a Quick Reply and Notice of Intent to Rest (Docket Entry No. 15).

Also pending before the court is Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondents' MSJ") (Docket Entry No. 7) and Respondents' Response to Petitioner's Supplemental Motion for Preliminary Injunction and Immediate Adjudication of Writ of Habeas Corpus (Docket Entry No. 14). Respondents argue that Petitioner can legally be detained under § 1225(b)(2) because he is an applicant for admission.[5]

As the Fifth Circuit explained in Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), § 1225(b)(2) applies to aliens who were already present in the United States at the time of their

---

[4]Amended Petition for Writ for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, Exhibit 2 to Petitioner's Motion to Amend, Docket Entry No. 8-2, p. 7. A court may deny a motion to amend when the amended complaint fails to state a claim upon which relief could be granted. Stripling v. Jordan Production Co., LLC, 234 F.3d 863, 872-73 (5th Cir. 2000). Because the court has previously held that the type of detention Petitioner faces does not violate due process, Petitioner's amended petition fails to state a claim. His motion to amend will therefore be denied.

[5]Respondents' MSJ, Docket Entry No. 7, p. 1; Respondents' Response to Petitioner's Supplemental Motion for Preliminary Injunction and Immediate Adjudication of Writ of Habeas Corpus, Docket Entry No. 14, pp. 1-2.

arrest.  Id. at 498, 508.  The Fifth Circuit's analysis and holding applies in this case.

Petitioner's detention without a bond hearing does not violate substantive or procedural due process.  As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'"  Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)).  Moreover, as explained in Jacobo-Ventura, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 7) is **GRANTED**, and Petitioner's Petition for Writ of Habeas Corpus (28 U.S.C. § 2241) (Docket Entry No. 1), Petitioner's Emergency Motion for Leave to File an Amended Petition for Writ of Habeas Corpus (Docket Entry No. 8), Emergency Motion for Temporary Restraining Order and to Show Cause (Docket Entry No. 9), and Petitioner's Supplemental Motion for Preliminary Injunction and Immediate Adjudication of Writ of Habeas Corpus (Docket Entry No. 13) are **DENIED.**

-3-

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 13th day of April, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE